IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTISS L. JEMISON,
    Plaintiff,

vs.                              Case No. 3:12cv58/LC/CJK

COMMANDER HEMPHILL, et al.,
    Defendants.

---

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 12). The Court has reviewed the complaint and concludes that this case should be dismissed, because plaintiff's damages claims are barred by statute, and plaintiff's claims for declaratory and injunctive relief are moot.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Lake Correctional Institution. (Doc. 11; Doc. 12, pp. 87-87). Plaintiff's complaint names as defendants David Morgan, Sheriff of Escambia County, Florida, as well as twelve Escambia County Jail employees: Commander Hemphill, Sergeant Bulltion, Sergeant Hallford, Lieutenant Kennedy, Sergeant Childress, Sergeant Read, H.S.A. David Benoit, ARNP Deb Robards, Registered Nurse Mindy Harrin,

Registered Nurse C. Hardner, Registered Nurse Tina Seely and Nurse Becky Kennedy. (Doc. 12, pp. 1-2). Plaintiff's second amended complaint concerns the conditions of plaintiff's confinement at the Escambia County Jail on two prior occasions – one in February of 2010 while plaintiff was awaiting trial in his underlying criminal case, and the other in March-September of 2012 while plaintiff's postconviction proceedings were pending. (*See* Docs. 7, 11, 12). Plaintiff claims the defendants were deliberately indifferent to his serious right-hip condition when they denied plaintiff's request to live in the medical housing unit and forced plaintiff to live in a housing unit that was on the "bottom tier" but had stairs. (Doc. 12, pp. 8-13). Plaintiff states that as a result of defendants' unconstitutional conduct, he "suffered great mentally and physically pain from a lot of wear and tear to his right hip." (*Id.*, p. 9). As relief, plaintiff seeks compensatory damages in the amount of $100,000, as well as declaratory and injunctive relief. (*Id.*, pp. 14-15).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the Court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.

*Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of plaintiff's second amended complaint as true and construing them in the light most favorable to plaintiff, plaintiff fails to state a plausible claim for compensatory damages. As plaintiff was advised in this Court's previous amend order (doc. 9), the Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983 is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the alleged harm occurred while plaintiff was in

custody. Plaintiff's damages claims are based on the mental and emotional injury plaintiff suffered as a result defendants' alleged deliberate indifference to his hip condition, and/or the fact of the alleged constitutional violation itself (divorced from any mental or emotional injury plaintiff suffered). Plaintiff's allegation of periodic hip pain does not surmount § 1997e(e)'s bar. Although the statute does not define physical injury, the Eleventh Circuit has concluded that to satisfy § 1997e(e), "the physical injury must be more than *de minimis*, but need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated, in part, on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc). Plaintiff's allegations do not suggest that plaintiff's hip pain required immediate medical attention or caused physical injury besides discomfort. To the contrary, plaintiff attached to his second amended complaint the sick call requests he submitted to the medical department in connection with his hip. The sick call requests reveal that plaintiff's primary complaint arising from being denied housing in the medical housing unit was "a brutal sore on my right middle toe because of the utilization of the stairwells" and "right hip lock[ing] up on me from time to time". (Doc. 12, Ex. C, Sick Call Request dated 5/28/12, p. 2; *see also* Ex. C, Sick Call Request dated 7/10/12, p. 2). Plaintiff's allegations fail to make the requisite showing of physical injury. *See Harris*, 190 F.3d at 1286 (explaining that "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society") (citation omitted); *Quinlan v. Personal Transport Servs. Co.*, 329 F. App'x. 246, 249 (11th Cir. 2009) (affirming dismissal of prisoner's claims for compensatory and punitive damages under § 1997e(e), explaining: "[The prisoner] complained of temporary chest pain, headache, and difficulty breathing while in the van; and he presently has periodic episodes of back pain. But none of these things

required immediate medical attention or evidence physical injury besides discomfort."). Plaintiff's failure to allege the requisite physical injury, even after being given an opportunity to amend to address that issue, justifies dismissal of plaintiff's compensatory damages claims.

Plaintiff's claims for declaratory and injunctive relief are moot. Plaintiff is no longer housed at the Escambia County Jail and fails to indicate a future circumstance where he would again be confined at that facility. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); *Siegel v. Lapore*, 234 F.3d 1163, 1172-73 (11th Cir. 2000) ("A claim for injunctive relief may become moot if: (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.") (*quoting Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200, 1201 (11th Cir. 1997)); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief against head of prison); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 29th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).